## GEORGE ADAMS v. SETH GRIFFETH, THOMAS LAWS and ROBERT BOYCE.

Court of Common Pleas. Sussex. November, 1799.

*Wilson's Red Book, 262.*

---

[1] For argument on demurrer see below, *Wilson's Red Book, 312.*

*Peery* and *Horsey* for plaintiff. *Bayard, Hall, Ridgely,* and *Wilson* for defendants.

The report stated the several meetings of referees and their adjournments and the reasons of them. It was made at last and remained in the hands of one of the referees to be filed, unless plaintiff indemnified the defendants in all their expenses and counsel's fees for the last meeting before a certain time, which elapsed etc., and the report was filed.

*Peery* offered a certificate of Samuel Harvey Howard that certain papers were not in the office of the Register of Chancery in Maryland, signed by him as Register etc., with the seal of that court annexed, and also the great seal of the State that he was such officer.

*Wilson* and *Ridgely* objected to the production. The subject matter of the certificate, to wit, that he cannot find a paper and that such were lost in the war should be sworn to; it is matter of fact and not record evidence. It cannot be exemplified, and the officer's naked assertion is insufficient; his oath of the fact ought to have been taken before the commissioners, and defendants would have had the advantage of his answers to their interrogatories. The Chancellor, on any supposition, ought to have signed the certificate, if present, on the footing of record evidence. By Art. IV, s. 1 of the Federal Constitution, full faith is to be given to the records of another state, and Congress have the power to ascertain the manner of giving it etc., and they have passed such law (Folwell edition 115) by which it is made necessary that exemplifications from another state shall not only have the certificate of the clerk or officer and seal, if any, but the judge or presiding magistrate must certify that such attestation is in due form; but neither the Chancellor's name nor certificate accompanies this production. This law is not only the rule in the courts of the United States but expressly extends to any court within the United States. If Congress have the power to make the rule and have [so] done, the state cannot make another rule or other terms.

*Peery* and *Horsey.* Considering this certificate as a record, it ought to have been certified as the Act of Congress directs, but this is a certificate of facts and does not require such authentica-

tion. This is to be considered as a deposition, for the officer is a sworn officer. This was part of his duty, for a search made by a third person would not be competent. If it was his duty as an officer, he was acting under the obligation of an oath, and it was neither necessary nor proper that he should be sworn before commissioners; and his annexing the seal of his office manifests that he so understood it.

PER CURIAM. BOOTH, C. J. It is the opinion of a majority of the Court that the certificate cannot be read. (*Vide* 3 Dall. 36, 39, the Marquis de Bouille's certificate.)

Plaintiff produced John Russel, one of the referees, to give evidence of the transactions of parties and referees at making the report.

*Wilson* and *Bayard* objected to the testimony on the ground of the decision of Bassett, C. J., in the case of *Holland v. Holland*.

*Peery.* The distinction is, he shall not be compelled; but if he chooses to do it neither law nor justice forbids it.

PER CURIAM. BOOTH, C. J. This question has been settled in all our courts.

The Court confirmed the report, unless the plaintiff's administrators would pay or indemnify the defendants the costs and expenses above mentioned on or before the [——] [1] day of January next.

[NOTE.] An arbitrator, after his award is made and filed, is certainly excluded from giving evidence of that business just so far and for the same reasons that a juror is after he has given in his verdict; as to whom *Peery's* distinction is clearly the proper one. Rhodes, a juror in *Frier's* case (*vide* the note in 3 Dall. 517), was admitted to swear voluntarily, *vide* also 3 Morg.Ess. 99, 163.